**IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **LISA MORGAN,** | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. _____ |
| | ) | |
| v. | ) | |
| | ) | **JURY TRIAL REQUESTED** |
| **BRYSON CONSTRUCTORS, INC.,** | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

**COMES NOW** Lisa Morgan ("Plaintiff" or "Mrs. Morgan"), by and through the undersigned counsel of record, to hereby file this Complaint Bryson Constructors, Inc. ("Defendant" or "Bryson Constructors") as follows:

### I.  JURISDICTION & VENUE

1. Mrs. Morgan files this Complaint, institutes these proceedings, and invokes the jurisdiction of this Court under and by virtue of 28 U.S.C. § 1331 as an action arising under the laws of the Unites States of America, 42 U.S.C. § 12101, *et seq.*, the Americans with Disabilities Act and the Americans with Disabilities Act Amendments Act of 2008 ("ADA Amendments Act" or "Act") (collectively referred

1

to as the "ADA"); as well as 29 U.S.C §2601 *et seq.*, the Family and Medical Leave Act ("FMLA").

2. Mrs. Morgan filed a charge of gender discrimination and pregnancy discrimination with the U.S. Equal Employment Opportunity Commission in Atlanta, Georgia, on May 19, 2020.  Mrs. Morgan received a right to sue on September 22, 2021, giving Mrs. Morgan the right to pursue this claim in federal court within ninety (90) days after her receipt of the letter.  (Exhibit A).

3. Venue is proper in the Atlanta Division of the Northern District of Georgia, since the alleged discriminatory actions of Defendant occurred in Fulton County, Georgia.

4. The Defendant may be served through its registered agent Steve L. Barnes at 2847 Main Street Suite 300, East Point, Georgia 30344.

## II.  PARTIES

5. Plaintiff is a citizen of the United States and a resident of Stone Mountain, Georgia.  Mrs. Morgan is over the age of eighteen (18).

6. Defendant owns and operates a construction company located in East Point, Georgia.  At all times relevant to this complaint, Plaintiff was employed by Defendant.

### III.  STATEMENT OF FACTS

7. Mrs. Morgan is an individual with a disability as defined under the ADA. Mrs. Morgan's qualified disability is diabetes.

8. Mrs. Morgan was hired by Bryson Constructors on or about December 17, 2017. Mrs. Morgan was employed as an Administrative Assistant/Field Operations Administrator and was assigned to the HAMB, JB West Deck project at Hartsfield-Jackson International Airport. Prior to her termination, Mrs. Morgan had never received any disciplinary write-ups.

9. On October 21, 2019, Ms. Morgan was admitted to the Intensive Care Unit ("ICU") for a serious medical condition known as diabetic ketoacidosis. The next day, October 22, a HR representative from Bryson Constructors visited Mrs. Morgan in the ICU. Mrs. Morgan was released from ICU on October 24, but she remained in the hospital thereafter.

10. On October 25, 2019, Mrs. Morgan requested leave under the FMLA and on October 27, Mrs. Morgan received another visit from Bryson Constructors HR.

11. On October 28, 2019, Mrs. Morgan submitted an accommodation request from her primary care provider to Bryson Constructors requesting medical leave until November 7, 2019.

12. On November 7, 2019, Mrs. Morgan's scheduled return date, her physician requested she remain on medical leave until December 7, 2019, due to impaired vision results from her diabetes. On November 11, 2019, Mrs. Morgan received additional FMLA paperwork from Bryson Constructors and was informed that a temporary worker had been hired to fill her position. As a result, Ms. Morgan returned her laptop for the temporary worker on November 18, 2019.

13. Shortly thereafter, on November 22, Mrs. Morgan's physician cleared her to return to work on November 25, 2019. Upon informing Bryson Constructors of her return date, Bryson informed Mrs. Morgan that it would not remove the temporary employee from her position.

14. On November 25, 2019, Mrs. Morgan was informed that Bryson did not have a position available for her and that her employment was terminated.

15. Accordingly, Mrs. Morgan avers that she: (1) was terminated because she was regarded as disabled, in violation of the ADA; (2) was denied a reasonable accommodation to take medical leave, in violation of the ADA; (3) was retaliated

against when she was terminated, in violation of the ADA; and (4) was subject to interference and retaliation for requesting medical leave, in violation of the FMLA.

16. Any other reason proffered by Bryson Constructors for Mrs. Morgan's termination is pretextual.

17. As a result of her termination, Mrs. Morgan has lost income and benefits and suffered mental and emotional distress. Mrs. Morgan has also incurred costs and attorneys' fees to pursue this matter.

## IV. PLAINTIFF'S CAUSES OF ACTION

### COUNT ONE – DISABILITY DISCRIMINAION

18. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 17 above, the same as if more fully set forth herein.

19. Defendant terminated Mrs. Morgan's employment because of her disability; as such, Defendant is in violation of the ADA.

20. Mrs. Morgan's disability was a motivating factor in Defendant's decision to terminate her employment; as such, Defendant is in violation of the ADA.

21. A convincing mosaic of circumstantial evidence exists showing that Defendant discriminated against Plaintiff on the basis of her disability; as such, Defendant is in violation of the ADA.

## COUNT TWO – DENIAL OF A REASONABLE ACCOMODATION

22. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 17 above, the same as if more fully set forth herein.

23. Plaintiff was entitled to a reasonable accommodation under the ADA and requested time off work as a reasonable accommodation because of her disability.

24. Defendant denied Mrs. Morgan a reasonable accommodation to take medical leave; as such, Defendant is in violation of the ADA.

## COUNT THREE – ADA RETALIATION

25. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 17 above, the same as if more fully set forth herein.

26. Defendant terminated Mrs. Morgan's employment in retaliation for engaging in protected activity; as such, Defendant is in violation of ADA.

27. Mrs. Morgan's protected activity was a motivating factor in Defendant's decision to terminate her employment; as such, Defendant is in violation of the ADA.

28. A convincing mosaic of circumstantial evidence exists showing that Defendant retaliated against Plaintiff for participating in protected activity; as such, Defendant is in violation of the ADA.

## COUNT FOUR – FMLA INTERFERENCE

29. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 16 above, the same as if more fully set forth herein.

30. Plaintiff was eligible for FMLA leave prior to her termination, as a result of her diabetes.

31. Defendant was on notice of Plaintiff's eligibility for FMLA leave when she advised Defendant of her need for medical leave as a result of her diabetes.

32. Defendant terminated Plaintiff from employment in order to avoid having to accommodate her with additional rightful FMLA leave rights.

33. Defendant's termination of Plaintiff's employment resulted in denial of benefits she would have been entitled to receive under the FMLA; accordingly,

Defendant has interfered with Plaintiff's rights under the FMLA in violation of the FMLA.

## COUNT FIVE – FMLA RETALIATION

34. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 17 above, the same as if more fully set forth herein.

35. Plaintiff was eligible for FMLA leave prior to her termination.

36. Plaintiff was entitled to FMLA leave prior to her termination.

37. Prior to her termination, Plaintiff engaged in the FMLA-protected activity of requesting medical leave, also known as or considered to be FMLA leave.

38. On November 25, 2019, Mrs. Morgan received notice that she had been terminated by Bryson Constructors.

39. Defendant terminated Plaintiff's employment because she engaged in FMLA-protected activity (i.e., requesting medical leave for her diabetes, also known as or considered to be FMLA leave).

40. Defendant's retaliatory termination of Plaintiff's employment for engaging in FMLA-protected activity is a violation of the FMLA.

## **PRAYER FOR RELIEF**

**WHEREFORE,** based on the above-stated claims, Plaintiff respectfully prays that this Court grant the following relief:

a) Judgment declaring that the Defendant discriminated against Mrs. Morgan in violation of the ADA;

b) Judgment declaring that Defendant interfered with Plaintiff's rights under the FMLA in violation of the FMLA;

c) An award of back pay;

d) Restoration of benefits or the value thereof;

e) Compensatory damages, including but not limited to emotional distress, embarrassment, and mental anguish;

f) Liquidated damages;

g) Equitable relief;

h) Punitive damages;

i) An award of all court costs and reasonable attorneys' fees, including those incurred for seeking administrative relief;

j) Pre-judgment and post-judgment interest at the highest lawful rate; and

k)   Further relief as the Court may deem appropriate and necessary.

## V.  JURY DEMAND

Plaintiff hereby requests trial by jury on all issues so triable.

Respectfully submitted this the 13th day of October, 2021.

HKM Employment Attorneys LLP

*s/Chase Estes*
Chase Estes[1]
Jermaine "Jay" Walker
3355 Lenox Rd. NE
Suite 705
Atlanta, GA 30326
cestes@hkm.com
205-855-5284
jwalker@hkm.com
404-301-4020

---

[1] Chase Estes ("Estes") will promptly file for admission *pro hac vice* as an attorney of record in this action this same day. Estes is licensed in the state of Alabama.